IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHELLE BROUSSARD, individually and on behalf of S.B., a minor,<br><br>    Plaintiff,<br><br>        v.<br><br>ROBLOX CORPORATION, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:24-CV-1697-TWT |

**OPINION AND ORDER**

This is a products liability action. It is before the Court on the Defendants' Apple, Inc. and Roblox Corporation's Motion to Dismiss [Doc. 118].[1] For the following reasons, the Defendants' Motion to Dismiss [Doc. 118] is GRANTED.

**I.   Background**

This action arises from the minor Plaintiff S.B.'s long-term use of a popular video game title known as Roblox. (Am. Compl. ¶¶ 3, 84, 269). As best the Court can tell, S.B., through Plaintiff Nichelle Broussard (collectively, "Plaintiff"), alleges that Apple and Roblox conspired with each other to market and place into the stream of commerce the allegedly addictive game through Apple's App Store, which they knew was "defective and unreasonably

---

[1] The Motion was also joined by Microsoft Corporation, but Microsoft Corporation was voluntarily dismissed from this action on November 12, 2024. [Doc. 120].

dangerous in that [it was] designed and intended to cause users, specifically minors, to develop an addiction or disordered compulsion to using [it]." (*Id.* ¶ 22). As a result of S.B.'s addiction to playing Roblox, S.B. has kept secret devices hidden from Broussard in order to keep playing the game, sneaks out of the house to play Roblox at a neighbor's house, and steals money and gift cards to purchase in-game currency to use in Roblox. (*Id.* ¶ 311). Since using Roblox, S.B. has been diagnosed with ADHD and gaming disorder and suffers from a host of medical and cognitive issues requiring treatment and counseling. (*Id.* ¶ 315).

The Plaintiff alleges that the Defendants are liable for their actions and their products under various state and federal laws outlined in eleven counts. (*Id.* ¶¶ 343-607). The Defendants have moved to dismiss all of the Plaintiff's claims, arguing that (1) the claims are barred under Section 230 of the Communications Decency Act; (2) the claims are barred under the First Amendment; (3) the Amended Complaint is an impermissible shotgun pleading; and (4) the Plaintiff fails to state a claim as to any of the counts. (Defs.' Mot. to Dismiss, at 2-4).

## II. Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may

survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III. Discussion

Although the Defendants raise several grounds for dismissal, the Court finds it prudent to address their shotgun pleading argument first. The Defendants contend that the Amended Complaint is a shotgun pleading because each Count realleges and incorporates by reference each of the preceding paragraphs, including the entire preceding count, and lacks specific

3

allegations as to specific defendants. (Mot. to Dismiss, at 37-38 & 37 n.11). They also request that, if the Amended Complaint is dismissed, the dismissal be with prejudice as the Plaintiff has already amended the complaint once. (*Id.* at 39-39). For her part, the Plaintiff argues that the Amended Complaint passes muster because it "incorporates allegations, not counts," each of her claims are separated, and she identifies what actions Roblox and Apple took independently to harm her and S.B. (Pl.'s Resp. in Opp. to Mot. to Dismiss, at 71-72).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citation omitted). "Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (quotation marks and citation omitted). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation omitted).

There are "four rough types" of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each

4

successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* (compiling cases). This pleading practice has been referred to as the "mortal sin" or "cardinal sin" of shotgun pleading. *Id.* at 1322; *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1311 (11th Cir. 2007) (Tjoflat, J., dissenting); *see also Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years." (citation omitted)); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").

The 188-page Amended Complaint commits this mortal sin. For starters, the Plaintiff admits that the Counts in the Amended Complaint incorporate all preceding allegations. (*See* Pl.'s Resp. in Opp. to Mot. to Dismiss, at 71-72). For example, the last count of the Amended Complaint— Count XI—incorporates by reference all of the foregoing 591 allegations. (*See* Am. Compl. ¶ 592). And each of the Plaintiff's other Counts opens with a similar statement. (*See id.* ¶¶ 343, 379, 399, 419, 436, 468, 494, 513, 563, 573).

Given the length of the Amended Complaint, this error confounds the Counts into a morass of vague or, at best, unclear allegations against multiple defendants that make it nearly impossible to decipher what each Count actually asserts. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations.").

Another type of shotgun pleading involves "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The Amended Complaint also makes this fatal error. In her eleven Counts, the Plaintiff makes no attempt to differentiate which Counts are asserted against which defendants, making it appear as though she asserts each Count against all of the defendants to this action. However, as each of the defendants played a different role in the Plaintiff's alleged causes of action, it is unclear which facts and allegations apply to each defendant as to any given count. For example, in Count VIII, which the Plaintiff has titled "deceit," the Plaintiff states that "Defendants' methods of deceit include but are not limited to, using features and patented technology in each Defendant's product, including patented matchmaking technologies and algorithms to "put" players in certain game scenarios . . . ." (Am. Compl. ¶ 537). The Court is left wondering what features and patented

6

technology the Plaintiff references, in what specific products, and in which game scenarios? Later in the same Count, the Plaintiff states that she "reasonably relied on Defendants' misrepresentations within each Defendant's product to make several in-game purchases." (*Id.* ¶ 542). There is no indication what misrepresentations were allegedly made, which Defendant allegedly made them, and in which of those Defendant's products the representations are made. These errors abound throughout the Plaintiff's Counts. As a result, the Amended Complaint "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Additionally, though not the fault of the Plaintiff, several defendants in this action have been dismissed since the filing of the Amended Complaint. A properly re-alleged complaint that distills the discrete allegations and causes of action against the two remaining defendants—Roblox and Apple—would greatly assist the parties and the Court in getting to the merits of the Plaintiff's claims.

    Finally, contrary to the Defendants' position, "when a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1296. Therefore, although the Plaintiff has

7

not requested leave to amend, the Court will grant her one opportunity to do so to rectify the pleading errors identified herein.

## IV. Conclusion

For the foregoing reasons, the Defendants' Apple, Inc. and Roblox Corp.'s Motion to Dismiss [Doc. 118] is GRANTED without prejudice to refiling a Second Amended Complaint. The Plaintiff is DIRECTED to file a Second Amended Complaint within 30 days of the date of this Order. The Plaintiff is CAUTIONED that failure to timely file a Second Amended Complaint will result in dismissal of this action with prejudice.

SO ORDERED, this   10th   day of April, 2025.

THOMAS W. THRASH, JR.
United States District Judge